1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHERYLLYNN G.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C21-1372-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1972, has one year of college education and a nursing certification, and has worked as a home care aide.  AR 433.  Plaintiff was last gainfully employed in May 2015.  AR 433, 438.

In January 2017, Plaintiff applied for benefits, alleging disability as of May 24, 2015. AR 377-99.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

1  requested a hearing.  AR 214-17, 221-28.  After the ALJ conducted a hearing in January 2019

2  (AR 36-78), the ALJ issued a decision finding Plaintiff not disabled.  AR 192-202.

3     The Appeals Council granted Plaintiff's request for review and remanded the matter to

4  the ALJ for further proceedings.  AR 209-13.  The ALJ held another hearing in January 2021

5  (AR 79-116), and subsequently issued a decision finding Plaintiff not disabled.  AR 15-28.

6                          **THE ALJ'S DECISION**

7     Utilizing the five-step disability evaluation process,[1] the ALJ found:

8  **Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset
   date.

9
10  **Step two**:  Plaintiff has the following severe impairments: degenerative disc disease of
   the cervical spine, lumbar spine, and shoulders; neuropathy of the left ulnar nerve;
11  headaches; obesity; fibromyalgia; major depressive disorder; and anxiety disorder v.
   posttraumatic stress disorder (PTSD).

12  **Step three**:  These impairments do not meet or equal the requirements of a listed
   impairment.[2]
13
   **Residual Functional Capacity ("RFC")**:  Plaintiff can perform light work with
14  additional limitations: she can sit for one hour at a time for a total of approximately four
   hours per workday, can walk for two hours at a time for a total of approximately three
15  hours, and stand/walk for a combination of a total of five.  She can frequently reach
   overhead, but otherwise reach continuously with the upper extremities.  She can
16  frequently handle, finger, and feel.  She can occasionally climb ramps or stairs, but can
   never climb ladders, ropes, or scaffolds.  She can occasionally stoop, kneel, and crouch.
17  She can never crawl.  She should avoid concentrated exposure to extreme cold, excessive
   vibration, and workplace hazards (such as working with dangerous machinery and
18  working at unprotected heights).  She can have occasional exposure to other
   environmental conditions.  She can perform simple, routine tasks in a routine work
19  environment, with simple, work-related decisions.  She can have superficial interaction
   with co-workers (i.e., no supervising other employees, no team work with other
20  employees, no team project solving projects, with other employees).  She can have
   superficial, incidental contact with the public (i.e., interacting with the public is not a
21  necessary part of job duties, but it would be OK for someone from the public to be
   passing through).

22  **Step four**:  Plaintiff cannot perform past relevant work.
23

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-28.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

1   susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

2   must be upheld.  *Id.*

3                                   **DISCUSSION**

4         Plaintiff argues the ALJ erred in assessing the opinions of Margaret Cunningham, Ph.D.,

5   and Liliana Simmons, ARNP, and that these errors led to errors in the ALJ's findings at steps

6   three and five, and in the RFC assessment.[3]  The Commissioner argues the ALJ's decision is free

7   of harmful legal error, supported by substantial evidence, and should be affirmed.

8         **A.      The ALJ Did Not Harmfully Err in Assessing the Medical Opinion Evidence**

9         Plaintiff argues that the ALJ erred in discounting the opinions of Dr. Cunningham, an

10  examining psychologist, and Ms. Simmons, a treating nurse.  The Court will address each

11  disputed opinion in turn.

12        *1.      Legal Standards*[4]

13        Where not contradicted by another doctor, a treating or examining doctor's opinion may

14  be rejected only for "'clear and convincing'" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th

15  Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where

16  contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and

17  legitimate reasons' supported by substantial evidence in the record for so doing."  *Id*. at 830-31

18  (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

19

20

21  _____

[3] Plaintiff's opening brief does not conform to the briefing requirements set out in the scheduling order
22  entered in this case.  *See* Dkt. 9.  Counsel is advised to consult the scheduling order as well as the
    formatting requirements in the local civil rules when filing briefs in this district in the future.

23
[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. §
    404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

1            2.     *Dr. Cunningham*

2       Dr. Cunningham examined Plaintiff twice, in October 2016 and August 2018, and wrote

3 narrative reports on both occasions. AR 654-62, 1015-24. The ALJ gave little weight to both of

4 these opinions, finding them inconsistent with Plaintiff's treatment records and benign

5 presentation during appointments. AR 25-26. The ALJ also found that Dr. Cunningham relied

6 in part on Plaintiff's self-reporting. *Id*.

7       According to Plaintiff, the ALJ cherry-picked from the treatment record to find Dr.

8 Cunningham's opinions inconsistent. *See* Dkt. 11 at 10-14. The Court agrees that the ALJ's

9 citation to treatment notes documenting that Plaintiff was in "no acute distress" (AR 25) does not

10 constitute evidence of a meaningful inconsistency with Dr. Cunningham's opinions. Likewise,

11 although the ALJ stated that Plaintiff's treatment notes "document minimal to no complaints of

12 depression, anxiety, or PTSD" (AR 25), the record is replete with such complaints, including

13 during Plaintiff's counseling sessions. *See, e.g.*, AR 919, 922, 952, 1098, 1109-36, 1216, 1218,

14 1234, 1238, 1246, 1250, 1254, 1269, 1272, 1296, 1312, 1321-22, 1344-47, 1360-61.

15       The ALJ went on to cite normal mental status examination findings as evidence of

16 Plaintiff's "benign presentation" during appointments, which the ALJ found to be inconsistent

17 with Dr. Cunningham's conclusions. AR 25. The Court finds that this portion of the ALJ's

18 reasoning is legitimate because repeated findings as to, for example, Plaintiff's intact cognition

19 and organized/logical thought processes are reasonably inconsistent with Dr. Cunningham's

20 findings of abnormal thought process, content, memory, and concentration, which led her to find

21 disabling mental limitations. *See* AR 657, 659, 1018, 1020. Plaintiff emphasizes that the normal

22 mental status findings in appointments for medical problems do not represent a full

23 psychological evaluation (Dkt. 11 at 10), but overlooks that her Sea Mar mental health

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

1    assessment also references normal thought process/content and intact cognition as part of a

2    mental health evaluation.  *See* AR 667.  The ALJ cited normal mental status findings in other

3    types of treatment settings, which is reasonable given that the majority of Plaintiff's medical

4    records pertain to treatment for her physical symptoms, and Plaintiff's medical providers

5    managed her psychiatric medication regimen.  *See, e.g.*, AR 919, 922, 952, 1098, 1109-36, 1269,

6    1272, 1296, 1312, 1321-22, 1344-47, 1360-61.  In any event, Plaintiff has not shown that the

7    objective evidence cited by the ALJ either does not contradict Dr. Cunningham's findings or was

8    cherry-picked from the record, and thus has failed to show that this line of the ALJ's reasoning is

9    not specific and legitimate.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not

10   improper to reject an opinion presenting inconsistencies between the opinion and the medical

11   record).  Because the ALJ provided at least one specific, legitimate reason to discount Dr.

12   Cunningham's opinions, the Court affirms this portion of the ALJ's decision and finds harmless

13   the invalid reasoning described in the previous paragraph.

14              *3.     Ms. Simmons*

15          Ms. Simmons wrote a letter in December 2018 listing Plaintiff's diagnoses and

16   commenting:

17          [Plaintiff's] journey to recovery will continue in spite of her becoming disabled
            mentally and physically.  Besides growing up with adverse childhood
18          experiences, her PTSD, Depression and panic attacks compounded in 2015,
            during a motor vehicle accident when a vehicle totaled he[r]s.  She continues to
19          have flashbacks and is triggered easily.  She has had to have multiple operations
            and she lives with chronic pain, has developed fibromyalgia, the ability to drive
20          herself, developed panic attacks, depression, and PTSD.  She attempted
            unsuccessfully, to go back to work.

21

22   AR 1137.  The ALJ gave little weight to Ms. Simmons' letter, finding that it was not a medical

23   opinion because it does not "describe the impact of the claimant's mental condition on her ability

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

to work[,]" and that any suggestion of disability is not corroborated by the many normal mental status examination findings in Ms. Simmons' treatment notes.  AR 24.

Plaintiff contends that the ALJ erred in discounting Ms. Simmons' letter based on normal mental status examination findings because there is no evidence that Ms. Simmons performed other testing that would have revealed mental functional limitations.  Dkt. 11 at 14-15.  This argument does not show that the ALJ's reasoning is erroneous, however.  The ALJ properly considered the extent to which Ms. Simmons' description of Plaintiff as disabled was corroborated by her treatment notes.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province.").  Whether Ms. Simmons' letter could have been corroborated by other testing does not pertain to the ALJ's stated reasoning, which is what this Court reviews.  *See, e.g.*, *Stout v. Comm'r of Social Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court is "constrained to review the reasons the ALJ asserts" (cleaned up)).  Because Plaintiff has failed to establish the existence of legal error in the ALJ's assessment of Ms. Simmons' letter, the Court affirms this portion of the ALJ's decision.

Because the Court finds no harmful error in the ALJ's assessment of the medical opinion evidence, the Court need not address Plaintiff's derivative arguments regarding errors stemming from the ALJ's assessment of those opinions.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and

this case is **DISMISSED** with prejudice.

Dated this 16th day of March, 2022.

_____
S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8